[Sac. Nos. 728, 729, 730, 756. Department Two.—November 10, 1900.]

ALTA McPHAIL, Respondent, v. E. M. JEFFERDS, Auditor, etc., Appellant. T. E. CLARK, Respondent, v. E. M. JEFFERDS, Auditor, etc., Appellant. W. M. De WITT, Respondent, v. E. M. JEFFERDS, Auditor, etc., Appellant. GEORGE L. BLISS, Respondent, v. E. M. JEFFERDS, Auditor, etc., Appellant.

PUBLIC OFFICERS — DEPUTIES — COUNTY OF ELEVENTH CLASS — COUNTY GOVERNMENT ACTS OF 1893 AND 1897.—The deputy district attorneys, the deputy county superintendent, and the deputy county clerk

of a county of the eleventh class, which officers were pro-
vided for by section 173 of the County Government Act of 1893
and their salaries fixed, and who were in office at the time
of the enactment of the County Government Act of 1897, re-
main entitled, under section 233 of the latter act, to the pay-
ment of their salaries by the county. The latter act does not
contemplate that their salaries should be paid by their respec-
tive principals.

APPEALS from judgments of the Superior Court of Tulare
County in appeals numbered Sac. 728, 729, and 730, and from
a judgment of said court and from an order denying a new
trial in appeal numbered Sac. 756. W. B. Wallace, Judge.

The facts are stated in the opinion, and in the opinion in
*Ellis v. Jefferds, ante,* p. 478.

J. A. Allen, and George G. Murry, for Appellants.

William W. Cross, F. B. Howard, and T. E. Clark, for Re-
spondents in Appeals Numbered Sac. 729 and 730.

Charles G. Lamberson, and M. E. Power, for Respondents
in Appeals Numbered Sac. 728 and 756.

THE COURT.—These cases were submitted by stipulation,
along with *Ellis v. Jefferds, ante,* p. 478, on briefs on file. The
only difference between the cases is that the plaintiffs here are
deputy officers, viz., Clark and De Witt deputy district attor-
neys, McPhail deputy county superintendent, and Bliss deputy
county clerk. We do not, however, regard this difference as
material. Under section 173 of the act of 1893 these deputies
are all provided for, and their salaries fixed.

Under the act of 1897, by section 59, which is a re-enact-
ment of section 61 of the old act, the new officers have the
same power as before to appoint deputies. But by section
215 they are to be paid by their principals, whose salaries are
increased. The office is, therefore, not abolished, but the com-
pensation of the deputies is changed. Their case, therefore,
comes fairly under the language of section 233, and certainly
within the intention of the act. To deprive the incumbent dis-
trict attorney of his paid deputies, and to require him to pay for

CXXX. Cal.—31

necessary assistance out of his own pocket, would be very materially to "affect" him.

The cases, we think, cannot be distinguished from the principal case, and on the authority of that case the judgments and orders appealed from are affirmed.